**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Demond Smith-Cheatham,** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | **NO: 26-2829** |
| | : | |
| **City of Philadelphia, et. al.** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2026, upon consideration of

Defendant City of Philadelphia's Motion to Dismiss Plaintiff's Complaint, and any response

thereto, it is HEREBY ORDERED that the Motion is GRANTED and that Plaintiff's claims

against the City of Philadelphia are DISMISSED WITH PREJUDICE.

BY THE COURT:

_____

JOHN MILTON YOUNGE, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Demond Smith-Cheatham,** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | **NO: 26-2829** |
| | : | |
| **City of Philadelphia, et. al.** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, the City of Philadelphia, hereby files this Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, the City of Philadelphia incorporates the attached Memorandum of Law.

Defendant respectfully requests that this Court dismiss Plaintiff's Complaint against the City of Philadelphia with prejudice.

Respectfully submitted,

Date: July 7, 2026

/s/ Michael Pestrak
Michael Pestrak
Senior Attorney
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Demond Smith-Cheatham,** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO: 26-2829** |
| | : | |
| **City of Philadelphia, et. al.** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF
PHILADELPHIA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff has filed a Complaint, by which he claims that the City of Philadelphia ("City") tortiously caused him injury through a policy, practice, or custom. See generally Compl., ECF No. 1. Plaintiff does not state a claim, and the Complaint against the City should be dismissed with prejudice. Plaintiff's claims against the City should be dismissed because Plaintiff fails to specify a cause of action that imputes liability to the City under Monell v. Department of Social Services, 436 U.S. 658 (1978) or any other theory of liability.

**I.      STATEMENT OF ALLEGED FACTS**

Plaintiff's Complaint includes the following allegations.[1] Plaintiff celebrated the Eagles super bowl win by walking down Broad Street. ECF 1 at ¶¶ 14-18. Plaintiff contends that an unknown Philadelphia Police Officer hit him with a baton. Id. at ¶ 29. Plaintiff, after being taken to the hospital, alleges he was arrested by the two named officers in the Complaint. Id. at ¶ 44.

---

[1] The following recitation is taken from Plaintiffs' Complaint and accepted as true for the limited purposes of this motion to dismiss. Cudjoe v. Dep't of Veterans' Affairs, 426 F.3d 241, 244 (3d Cir. 2005); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The City does not concede that all the allegations in the Complaint are supported by a factual basis, following a reasonable investigation.

Plaintiff brings four counts based on the foregoing factual allegations. Count 1 of Plaintiff's Complaint is a Section 1983 excessive force claim against the unknown officer(s) (id. at ¶ 80); Count 2 is Section 1983 unlawful arrest claim against the named officers. (id. at ¶ 81); Count 3 raises the Monell claim. (id. at ¶ 82); and Count 4 is a state law claim based on Counts 1 and 2 (id. at ¶¶ 83-84). The City is named only in Count 3. For the reasons that follow, the City respectfully requests that this Court dismiss, with prejudice, Plaintiff's Count 3 and therefore all claims against the City.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), the Court must dismiss an action on a motion to dismiss when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. Id. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quotation marks omitted).

2

### III.    <u>ARGUMENT</u>

### a.    Plaintiff's § 1983 Claim Against the City Fails Because Plaintiff Did Not Plead Facts Plausibly Establishing the Elements of a <u>Monell</u> Claim

A municipality cannot be held liable under § 1983 for its employees' constitutional torts by way of *respondeat superior*. <u>McGreevy v. Stroup</u>, 413 F.3d 359, 367 (3d Cir. 2005) (citing <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978)). Rather, under <u>Monell</u>, a municipality may be liable if the employee acted pursuant to a government policy or custom. <u>Monell</u>, 436 U.S. at 694. Plaintiff must allege sufficient facts to establish that (1) a constitutionally protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. <u>Id.</u> at 694-95; <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1480 (3d Cir. 1990).

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1212 (3d Cir. 1996), quoting <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996). <u>Monell</u> liability under a custom claim must be founded upon evidence that the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 849-50 (3d Cir. 1990).

Plaintiff has failed to identify a policy[2] and in Count 3 predicates his claim under a theory of deliberate indifference, therefore raising a claim under a custom. ECF 1 at ¶ 82. A <u>Monell</u> claim

---

[2] Plaintiff appears to attempt to allege a policy but does so with conclusions and no factual support. The only facts presented is an article showing use of drones and more personnel. ECF 1 at ¶ 57. There is no policy offered to show that officers were directed via directives, which are available to the public on the PPD website, to use excessive

based upon custom can only proceed if the well-founded, factual allegations of the Complaint establish that such policymaker was aware of similar unlawful conduct in the past but – with deliberate indifference – failed to take precautions against future violations, directly leading to the plaintiff's injury. Bielevicz, at 851. A custom only exists when practices are "so permanent and well-settled as to virtually constitute law." Mulholland v. County of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted).

Absent identification of an express facially unconstitutional policy promulgated by the City, a plaintiff's complaint must include sufficient factual allegations to suggest a pattern of similar incidents with "a high degree of similarity" to the alleged misconduct at issue. See, e.g., Siceloff v. Twp. of W. Deer, No. 11-cv-00783, 2013 WL 3989427, at *13 (W.D. Pa. Aug. 2, 2013); Lesher v. Zimmerman, 822 Fed. App'x 116, 121 (3d Cir. 2020) (upholding dismissal where allegations of prior incidents were factually "dissimilar to the incident in question"); Abdul-Jabbar v. City of Phila., No. 21-cv-2077, 2022 WL 329576, at *2 (E.D. Pa. Feb. 3, 2022) (dismissing claim because "many of Plaintiffs' listed instances of alleged police misconduct b[ore] little similarity to [the plaintiff's] situation").

Plaintiff does not identify a policymaker. Furthermore, Plaintiff is unable to establish a pattern to which said unknown policymaker would have had to have been deliberately indifferent. Plaintiff attempts to create a pattern by citing first to incidents from over sixty and over twenty years ago. ECF 1 at ¶ 48. These are not only too attenuated in time, but they lack any factual allegations to show any similarity to the alleged actions in this instance.

---

force. Plaintiff's own conclusory allegations even hedge on this issue when he says, "or at the minimum PPD officer were under the impression that there would be no consequences for the use of these violent and extreme tactics." ECF 1 at ¶ 61.

4

Plaintiff gets slightly closer in time in detailing the use of pepper spray, rubber bullets, and tear gas in 2020. However, this is factually dissimilar to the allegations in this case and therefore bears little similarity to Plaintiff's situation. Plaintiff also cites a settlement for those alleged violations. Courts in this district routinely reject settlements as the basis of Monell claims. "And the mere existence of allegations of misconduct — found in lawsuits, civilian complaints, or elsewhere — cannot support municipal liability." Natividad v. Raley, No. CV 22-5061, 2025 WL 1550740, at *14 (E.D. Pa. May 30, 2025) (citing to Wooden v. City of Philadelphia, No. 19-1054, 2022 WL 1772442, at *4 (E.D. Pa. Dec. 15, 2022) (noting people file lawsuits "for many reasons, or for no reason at all, and evidence that they filed complaints does not indicate that" an alleged custom exists…In the same vein, settled lawsuits are not probative of custom because there is no finding of liability.")).

Plaintiff offers three other incidents across a seven-year span, though again improperly relying on a settlement for one of them[3] and only allegations for another[4]. Even if all three of those incidents could form the basis of a Monell claim, three incidents across a seven-year period are not a pattern raising to the level of showing the municipality's employees engaged in a practice "so persistent and widespread as to practically have the force of law." Costantino v. City of Atl. City, 152 F. Supp. 3d 311, 332 (D.N.J. 2015); see also, e.g., Peterson v. City of Fort Worth, 588 F.3d 838, 852 (5th Cir. 2009) (holding that "27 incidents of excessive force over a period of four years do not reflect a pattern that can be said to represent official policy of condoning excessive force so as to hold the City liable for the acts of its employees' unconstitutional conduct"); Carter v. District of Columbia, 795 F.2d 116, 123 (D.C. Cir. 1986) (holding that six prior incidents of alleged misconduct over approximately two years did not establish a pattern of excessive force);

---

[3] ECF 1 at ¶ 52.
[4] ECF 1 at ¶ 51.

Jones v. Town of E. Haven, 691 F.3d 72, 85 (2d Cir. 2012) (holding four incidents over approximately four years "fell far short" of showing a custom); Giaccio v. City of New York, 308 Fed. App'x 470, 472 (2d Cir. 2009) (holding "only four examples" of misconduct fell "far short" of establishing a widespread practice). With no pattern established, it cannot be argued that a policymaker of the City acted with deliberate indifference. Plaintiffs Monell claim under policy, practice, or custom fails and must be dismissed.

As an alternative to a policy or custom claim of municipal liability, plaintiffs can allege a 'failure to' claim. Here Plaintiff attempts to raise a failure to discipline claim. In such a claim, a plaintiff must establish that the need for more or better discipline to protect against constitutional violations was *obvious*, by showing either: (1) a pattern of allegations about similar unconstitutional activity *and* the municipality consistently failed to investigation those allegations; *or* (2) a pattern of actual similar constitutional violations *and* the municipality consistently failed to discipline those involved. See Tieman v. City of Newburgh, 2015 WL 1379652, at *21 (S.D.N.Y. Mar. 26, 2015). Notably, a plaintiff does not meet his burden when he merely alleges (1) a pattern of allegations about similar unconstitutional activity and (2) a failure to consistently discipline those involved. Id. at *21. This is because, "it would not be deliberately indifferent of the City to fail to punish police officers for conduct that was not improper or that they did not commit." Id.; see also Ehly v. Philadelphia, 2004 WL 2644392, at *3 (citing to Maiale v. Youse, 2004 WL1925005, *9 (E.D. Pa. Aug. 27, 2004) ("[T]his Court ultimately found that the evidence before it, including multiple internal investigation reports filed against the defendants . . . all either dismissed as unfounded or not sustained, was not sufficient to create a genuine issue of fact as to whether the City was deliberately indifferent to the risk of constitutional violations by the defendants.").

Here, Plaintiff has only stated in impermissible conclusory statements that the lack of discipline existed. Nothing is presented related to the named defendants. Instead, Plaintiff attempts to allege other incidents. However, in only one of the alleged incidents in their attempt to create a pattern is the actual discipline even discussed, noting that the officer got his job back. ECF 1 at FN 4. That inherently shows that an investigation and some discipline, the initial firing, happened, which disproves Plaintiffs failure to discipline claim.

Plaintiff tries again by bringing up a settlement, again from 20-30 years ago, this time in attempt to show a lack of discipline. ECF 1 at ¶ 63-66. Even if a settlement was something that could be used as evidence, Plaintiff's Complaint shows how this cannot be used in 2026 as the PPD entered into the settlement and created the IAO "acknowledging that wholesale reform of the PPD was necessary." Id. at ¶ 63. Evidence of a system prior to reforms, especially 20-30 years ago, does not show any failure of the current, reformed, system.

Still without any connection to this case, Plaintiff cites a news article for a somewhat recent time-period when discussing an examination of complaints to Internal Affairs in 2018. However, this is legally insufficient for a Monell claim. See Pharaoh v. Dewees, No. 14-3116, 2016 WL 2593842, at *5 (E.D. Pa. May 4, 2016) (noting that "mere recitation of the number of [internal] complaints filed" does not demonstrate a pattern). Additionally, Plaintiff's Complaint mischaracterizes the article[5], which is focused on one or two specific instances, unrelated to the circumstances here, and states, "[o]ut of the department's 6,500 staffers, some 2,000 officers received just a single complaint over a five-year period. Thousands of other officers appear to have

---

[5] Plaintiff in citing to the article has incorporated it by reference in the Complaint. In evaluating a motion to dismiss, a Court may consider documents that are attached to or submitted with the complaint, and any "**matters incorporated by reference** or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)) (emphasis added).

7

received no complaints at all during that time." Hardly a pattern sufficient to show a *failure* to discipline. Plaintiff has not shown, and cannot show that the City, which has an Internal Affairs department to investigate and a system in place to discipline its officers, has failed to discipline them in similar situations to Plaintiff's.

Plaintiff's final attempt to establish a failure to discipline is by including an opinion of the Philadelphia Citizens Police Oversight Commission. Accepting this opinion as true, it is not evidence of a lack of discipline, but only that the Commission disagrees with the severity of the discipline, this opinion is not evidence and even if it were it only shows that there is evidence of discipline that the Commission feels is insufficient. The Commission's opinion is not facts to base a pattern on. In fact, the only facts alleged in the Complaint show that the City does investigate and discipline officers and did in fact investigate and discipline the one officer involved in a situation like Plaintiff's. Plaintiff's superficially pled <u>Monell</u> claim against the City should be dismissed with prejudice.

## II.   <u>CONCLUSION</u>

For the reasons above, and based upon the authorities cited therein, Plaintiff fails to state a claim against the City in his Complaint. The Complaint against the City of Philadelphia should be dismissed with prejudice.

Respectfully submitted,

Date: July 7, 2026

/s/ *Michael Pestrak*
Michael Pestrak
Senior Attorney
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Demond Smith-Cheatham,** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | **NO: 26-2829** |
| | : | |
| **City of Philadelphia, et. al.** | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendant the City of Philadelphia's Motion to

Dismiss for Failure to State a Claim, was filed via the Court's electronic filing system.

Date: July 7, 2026                        Respectfully submitted,

/s/ Michael Pestrak
Michael Pestrak
Senior Attorney
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov